﻿Citation Nr: 19172645
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 15-04 669
DATE: September 19, 2019

ORDER

Entitlement to service connection for arthritis of the right knee is granted.

Entitlement to service connection for arthritis and degenerative disc disease of the lumbosacral spine with right lower extremity radiculopathy is granted.

FINDINGS OF FACT

1. Symptoms of arthritis in the right knee were chronic in service and continuous since service separation.

2. The Veteran has a current diagnosis of arthritis and degenerative disc disease of the lumbosacral spine with secondary right lower extremity radiculopathy. The Veteran’s spine disability was incurred in service. 

CONCLUSIONS OF LAW

1. The criteria for service connection for arthritis of the right knee are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303. 

2. The criteria for service connection for arthritis and degenerative disc disease of the of the lumbosacral spine with right lower extremity radiculopathy are met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1990 to June 1996. He testified before the undersigned Veterans Law Judge at a February 2019 Board video conference hearing. The hearing transcript is of record. 

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Certain chronic diseases will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013).

1. Entitlement to service connection for arthritis of the right knee

The Veteran contends that a currently diagnosed right knee disability was due to injury in service, and that right knee pain symptoms have been chronic since his in-service injury. The Board finds that the Veteran has currently diagnosed arthritis of the right knee that began during active service. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

VA treatment records and a May 2014 VA examination show the Veteran has a current diagnosis of arthritis of the right knee. Service treatment records show that he was seen for right lateral collateral ligament strain in February 1990. He was seen a week later that same month due to right knee pain, diagnosed as acute knee strain. He was also seen in March 1996 a few months prior to separation for right knee strain versus IT band syndrome. In his notice of disagreement and February 2019 hearing testimony, he reported that his right knee symptoms in service did not resolve and worsened over time. He testified that after his injury in boot camp, he was given a Velcro brace for his knee and used Motrin for pain. He reported that he used the brace in service for four years and bought over-the-counter knee braces post-service prior to initiating treatment at VA. The Veteran began receiving treatment at VA in 2011. An October 2012 VA MRI of the right knee showed mild degenerative changes, including cartilage irregularity. Thus, the question is whether current arthritis is related to service. 

While a May 2014 VA examiner opined that degenerative arthritis was less likely than not incurred in or caused by service, the examiner reasoned that service treatment records disclosed that the Veteran was treated only once for an acute and transient episode of right knee pain in February 1990 with no evidence of further knee complaints to support that he developed a chronic right knee condition. The Board finds, however, that the opinion did not consider the March 1996 diagnosis of right knee strain versus IT band syndrome provided just one month prior to the Veteran’s April 1996 separation examination and did not consider the Veteran’s report of having continued symptoms of right knee pain necessitating the use of a soft knee brace. Thus, the opinion is not probative.

Service treatment records identify two knee injuries in service and the Veteran has consistently reported having chronic and continuous knee pain symptoms in service and post service. He also described post-service use of a knee brace and post-service chiropractic evaluation of the right knee in Board hearing testimony, with a diagnosis of arthritis in the right knee shown by MRI shortly after he began receiving treatment at VA. The Board finds that the Veteran is competent to describe his right knee pain and treatment and finds that his statements are credible. Accordingly, symptoms of arthritis in the right knee were chronic in service and continuous since service separation. Resolving all doubt in favor of the Veteran, the Board finds that service connection for arthritis of the right knee is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

2. Entitlement to service connection for a lumbosacral spine disability 

The Veteran contends in Board hearing testimony that a currently diagnosed lumbosacral spine disability was due a fall down a ladder in service which occurred in 1991. He contends that lumbar spine symptoms have been chronic since his in-service injury. The Board finds that the Veteran has a currently diagnosed arthritis degenerative disc disease in the lumbosacral spine that began during active service. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

VA treatment records, to include an August 2013 MRI and an April 2019 VA examination show the Veteran has a current diagnosis of arthritis and degenerative disc disease of the lumbosacral spine with right lower extremity radiculopathy. 

Service treatment records show that the Veteran was evaluated for low back pain, diagnosed as lumbar strain in July 1991. He was seen for low back pain in January 1992 and on an April 1996 separation examination, he reported having low back pain since July 1991. Reserves records dated in January 2002 show that the Veteran reported recurrent low back pain due to an injury on active duty in 1991. The injury was found to be permanent and, due to recurrent low back pain, the Veteran was found not qualified for service. 

Thus, the question is whether the Veteran’s current disability is related to service. The evidence against the claim includes a July 2011 VA examination of the spine. The VA examiner diagnosed the Veteran with lumbar strain. He opined that the Veteran’s low back condition was less likely than not caused by or a result of service. The examiner reasoned that service treatment records and VA treatment records failed to show chronicity of low back pain, and while the Veteran reported care and treatment from chiropractors, those records were not made available for review. The Board finds that the July 2011 opinion is not probative as it discounts the Veteran’s April 1996 report at separation of having continuous back pain since July 1991, his account of recurrent back pain since service shown in January 2002 Reserves records, and his report during examination with regard to having continuous back pain with treatment by chiropractors post-service.

The evidence in favor of the claim includes three medical opinions. In an October 2018 letter, Dr. B.R., the Veteran’s chiropractor, opined that it was more likely than not that the Veteran’s low back condition was caused by and was a direct result of his military service. In providing the opinion, Dr. B.R. noted that he reviewed service treatment records, VA treatment records including two lumbar MRIs, and he noted that he had been treating the Veteran for five-and-a-half years for lower back pain and lower extremity radicular symptoms. 

In an October 2018 opinion, Dr. A.E., a chiropractor, reported that he reviewed the Veteran’s service treatment records and current medical records, and that the Veteran was a patient under his care from April 1993 to 1996. The Veteran was diagnosed with lumbar intervertebral disc disorder with radiculopathy. Dr. A.A. opined that it was more likely than not that the Veteran’s spinal condition was caused by and was a direct result of his military service. The Board finds that the opinions from the Veteran’s chiropractic treatment providers, who reviewed relevant service and post-service medical records and treated the Veteran for back pain in service and post service are probative.

Finally, during an April 2019 VA examination for fibromyalgia, while the VA physician examining the Veteran did not diagnosis fibromyalgia, he diagnosed the Veteran with degenerative arthritis and degenerative disc disease of lumbosacral spine. The VA examiner opined that the Veteran’s low back disability was most likely service-related. He reasoned that service treatment records documented low back pain and he reviewed the Veteran’s chiropractors’ opinions. MRI examinations and x-rays were consistent with a diagnosis of degenerative arthritis and degenerative disc disease of the lumbosacral spine, and right lower extremity radicular symptoms were also consistent with mild right lower extremity lumbosacral radiculopathy at the S1 level. He opined that these diagnoses were most likely a progression of the Veteran’s low back pain which was accurately diagnosed with the radiological studies. The Board finds that the April 2019 VA opinion based on a review of the record, is probative. 

(Continued on the next page)

 

The weight of the evidence shows that arthritis and degenerative disc disease of lumbosacral spine with right lower extremity was incurred in service. Thus, service connection is warranted.

 

 

K. Parakkal

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Christine C. Kung

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.